IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| RONALD COWIE, | ) |
| | ) |
| Plaintiff, | ) Case No. 17-12448 |
| | ) |
| vs. | ) |
| | ) |
| CAPIO PARTNERS, LLC, | ) |
| COMMONWEALTH FINANCIAL | ) |
| SYSTEMS, INC., MID-MICHIGAN | ) |
| CREDIT BUREAU, INC., and | ) |
| PARAMOUNT RECOVERY SYSTEMS | ) |
| | ) |
| Defendants. | ) |

**NOTICE OF REMOVAL**

Defendant, Paramount Recovery Systems ("Paramount"), by its counsel, submits this Notice of Removal pursuant to 28 U.S.C. §§ 1331, 1441, and 1446. As grounds for its removal, Paramount states as follows:

1. Paramount is named as the defendant in a civil action filed on or about June 29, 2017 (the "Complaint") by Plaintiff Ronald Cowie ("Plaintiff"), in the 18th Judicial District Court, State of Michigan, Case No. 17-61448-GC, captioned *Ronald Cowie v. Capio Partners, LLC, et al.* (the "State Court Action").

2. Paramount was served with a summons and copy of the Complaint in the State Court Action via certified mail on or about July 6, 2017. *See* **Exhibit A** hereto (copies of the Complaint in the State Court Action and the summons).

3. This Notice of Removal is timely under 28 U.S.C. § 1446(b) and Federal Rule of Civil Procedure 6(a) because Paramount filed this Notice of Removal within 30 days of service of the summons and Complaint, excluding "the day of the act, event, or default from which the designated period of time beings to run" and the last day if it is a Saturday, Sunday, or legal

holiday.

4. Paramount has not yet filed an answer or otherwise responded to the Complaint in the State Court Action.

5. Removal to this federal district court is proper because this is the district which embraces the county in which Plaintiff filed the State Court Action within the meaning of 28 U.S.C. § 1446(a).

6. This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1331, and is one which may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441(a), because Count III of the complaint arises under the federal Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*. *See* Ex. A.

7. This Court has supplemental jurisdiction over all other claims asserted by Plaintiff pursuant to 28 U.S.C. § 1367(a) and 28 U.S.C. § 1441(c).

8. As required by 28 U.S.C. § 1446(d), Paramount is providing written notice of the removal of this action to Plaintiff and to the 18th Judicial District Court, contemporaneously with the filing of this Removal.

9. Pursuant to 28 U.S.C. § 1446(a), attached as Exhibit A are accurate copies of all papers received by Paramount as of the filing of this Removal.

10. Each of the other defendants named in this lawsuit have agreed to the removal of this action to federal court.

WHEREFORE, Paramount requests that the State Court Action be removed from state court to this Court, and that this Court assume jurisdiction over the action and determine it on the merits.

Dated: July 28, 2017	Respectfully submitted,

**PARAMOUNT RECOVERY SYSTEMS**

By:	*/s/ Amy R. Jonker*
Amy R. Jonker (6283174)
MAURICE WUTSCHER, LLP
250 Monroe Avenue, N.W.
Suite 400
Grand Rapids, MI 49503
Phone: 616-717-5677
ajonker@mauricewutscher.com
*Attorney for Paramount Recovery Systems*

**Certificate of Service**

The undersigned hereby certifies that, on this **28th day of July, 2017**, I filed a copy of the foregoing electronically and served the following by regular mail, postage-prepaid on the following:

Adam G. Taub
Adam G. Taub & Associates Consumer Law Group PLC
17200 West Ten Mile Road, Suite 200
Southfield, MI 48075

*/s/ Amy R. Jonker*

# Exhibit A

Approved, SCAO

Original - Court
1st copy - Defendant
2nd copy - Plaintiff
3rd copy - Return

| STATE OF MICHIGAN<br>18th JUDICIAL DISTRICT<br>JUDICIAL CIRCUIT<br>COUNTY PROBATE | SUMMONS AND COMPLAINT | CASE NO.<br>17-61448 GC |
|---|---|---|

**Court address**: 36675 Ford Road, Westland, MI 48185

**Court telephone no.**: (734) 595-8720

| Plaintiff's name(s), address(es), and telephone no(s).<br>Ronald Cowie<br>c/o his attorney | v | Defendant's name(s), address(es), and telephone no(s).<br>Paramount Recovery Systems<br>c/o CSC-Lawyers Incorporating Service<br>601 Abbott Road<br>East Lansing, MI 48823 |
|---|---|---|

Plaintiff's attorney, bar no., address, and telephone no.
Adam G. Taub (P48730)
Adam G. Taub & Associates Consumer Law Group PLC
17200 West Ten Mile Road, Suite 200
Southfield, MI 48075    (248)746-3790

**SUMMONS** | **NOTICE TO THE DEFENDANT**: In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state). (MCR 2.111[C])
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

| Issued | This summons expires | Court clerk |
|---|---|---|
| 6/29/17 | 9/28/17 | Jennifer McMillan |

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

**COMPLAINT** | *Instruction: The following is information that is required to be in the caption of every complaint and is to be completed by the plaintiff. Actual allegations and the claim for relief must be stated on additional complaint pages and attached to this form.*

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.

**Family Division Cases**
☐ There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.
☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _____ Court.
The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|
| | | |

**General Civil Cases**
☑ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in _____ Court.
The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|
| | | |

**VENUE**

| Plaintiff(s) residence (include city, township, or village)<br>Westland, MI | Defendant(s) residence (include city, township, or village)<br>East Lansing, MI |
|---|---|

Place where action arose or business conducted
Westland, MI

| Date: 6-28-17 | Signature of attorney/plaintiff |
|---|---|

If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

MC 01 (5/15) **SUMMONS AND COMPLAINT**    MCR 2.102(B)(11), MCR 2.104, MCR 2.105, MCR 2.107, MCR 2.113(C)(2)(a), (b), MCR 3.206(A)

| PROOF OF SERVICE | SUMMONS AND COMPLAINT<br>Case No. |
|---|---|

**TO PROCESS SERVER:** You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

**CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE**

☐ **OFFICER CERTIFICATE**     OR     ☐ **AFFIDAVIT OF PROCESS SERVER**

I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that:   (notarization not required)

Being first duly sworn, I state that I am a legally competent adult who is not a party or an officer of a corporate party, and that:   (notarization required)

☐ I served personally a copy of the summons and complaint,
☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint, together with _____
   List all documents served with the Summons and Complaint

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
|  |  |  |
|  |  |  |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
|  |  |  |
|  |  |  |

I declare that the statements above are true to the best of my information, knowledge, and belief.

| Service fee<br>$ | Miles traveled | Mileage fee<br>$ | Total fee<br>$ |
|---|---|---|---|

Signature _____

Name (type or print) _____

Title _____

Subscribed and sworn to before me on _____, _____ County, Michigan.
                                         Date

My commission expires: _____   Signature: _____
                        Date                         Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

**ACKNOWLEDGMENT OF SERVICE**

I acknowledge that I have received service of the summons and complaint, together with _____
                                                                                        Attachments

_____ on _____
                                          Day, date, time

_____ on behalf of _____.

Signature

STATE OF MICHIGAN
18TH DISTRICT COURT

RONALD COWIE,

    Plaintiff,

-vs-                            Case No. 17-6448 GC    '17 JUN 29 PM 12:38
                                Hon.

CAPIO PARTNERS, LLC, COMMONWEALTH
FINANCIAL SYSTEMS, INC., MID-MICHIGAN
CREDIT BUREAU, INC., PARAMOUNT RECOVERY
SYSTEMS,

    Defendants.

## COMPLAINT

### Introduction

1. The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

### Jurisdiction

2. The amount in controversy is less than $10,000.00.

### Parties

3. The Plaintiff to this lawsuit resides in Westland, Michigan in Wayne County.

1

4. CAPIO PARTNERS, LLC, ("CPLLC") is an out-of-state corporation doing business in Westland, Michigan.

5. COMMONWEALTH FINANCIAL SYSTEMS, INC. ("CFSI") is an out-of-state corporation doing business in Westland, Michigan.

6. MID-MICHIGAN CREDIT BUREAU, INC. ("MMCBI") is an out-of-state corporation doing business in Westland, Michigan.

7. PARAMOUNT RECOVERY SYSTEMS ("PRS") is an out-of-state corporation doing business in Westland, Michigan.

### Venue

8. The transactions and occurrences which give rise to this action occurred in Westland, in Wayne County, Michigan.

9. Venue is proper in the 18th District Court.

### General Allegations

10. In December of 2016, Plaintiff, Ronald Cowie discovered certain alleged debts being reported on his consumer reports which he disputed; specifically, he discovered:

    a. CPLLC was reporting two alleged debts Nos. 1397032 and 1397228 ("CPLLC debts");

    b. CFSI was reporting one alleged debt No. D696447XXXX ("CFSI debts"); and

    c. MMCBI was reporting one alleged debt No. (1755405 "MMCBI debts") (collectively "alleged debts")

2

11. On or about December 12, 2016, Mr. Cowie mailed certified letters to CPLLC, CFSI, and MMCBI providing actual notice to CPLLC, CFSI, and MMCBI that he disputed the alleged debts.

12. On or about December 21, 2016, Mr. Cowie mailed certified letters to each of the three national credit reporting agencies explaining that he disputed the alleged debts.

13. All three national credit reporting agencies received the letters which Mr. Cowie mailed to them and began conducting a reinvestigation as set forth in 15 U.S.C. § 1681i and §1681s-2(b).

14. CPLLC, CFSI, and MMCBI each received direct notice from all three of the national credit reporting agencies that Mr. Cowie disputed the alleged debts.

15. MMCBI failed or refused to note Mr. Cowie's dispute of the MMCBI debt to one or more of the national credit reporting agencies in violation of 15 U.S.C. 1692e(8).

16. CFSI acknowledged receipt of Mr. Cowie's dispute, stopped reporting the CFSI debt, however, CFSI failed to inform the original creditor/debt collector CPLLC that the debt was disputed in violation of 15 U.S.C. 1692e(8).

17. CPLLC stopped reporting the CPLLC debts, however, CPLLC failed to inform the subsequent collector it hired that these debts were disputed in violation of 15 U.S.C. 1692e(8).

18. In the alternative, CFSI did, in fact, notify CPLLC of the dispute.

19. CPLLC assigned the CPLLC debts and the CFSI debt to PRS without telling PRS that these debts were disputed in violation of 15 U.S.C. 1692e(8).

20. In the alternative, PRS reported the three alleged debts with actual knowledge of the Plaintiff's dispute, but failed to note the disputes to one or more national credit reporting agency, in violation of 15 U.S.C. 1692e(8).

### COUNT I – Fair Debt Collection Practices Act (CPLLC)

21. Mr. Cowie incorporates the preceding allegations by reference.

22. At all relevant times CPLLC – in the ordinary course of its business – regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

23. CPLLC is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

24. CPLLC's foregoing acts in attempting to collect this alleged debt against Mr. Cowie constitute violations of the FDCPA.

25. Mr. Cowie has suffered damages as a result of these violations of the FDCPA.

### COUNT II – Michigan Occupational Code (CPLLC)

26. Mr. Cowie incorporates the preceding allegations by reference.

27. CPLLC is a "collection agency" as that term is defined in the Michigan Occupational Code, M.C.L. § 339.901(b).

28. Mr. Cowie is a debtor as that term is defined in M.C.L. § 339.901(f).

29. CPLLC's foregoing acts in attempting to collect this alleged debt against Mr. Cowie constitute violations of the Occupational Code.

30. Mr. Cowie has suffered damages as a result of these violations of the Michigan Occupational Code.

## COUNT III – Fair Debt Collection Practices Act (CFSI)

31. Mr. Cowie incorporates the preceding allegations by reference.

32. At all relevant times CFSI – in the ordinary course of its business – regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

33. CFSI is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

34. CFSI's foregoing acts in attempting to collect this alleged debt against Mr. Cowie constitute violations of the FDCPA.

35. Mr. Cowie has suffered damages as a result of these violations of the FDCPA.

## COUNT IV – Michigan Occupational Code (CFSI)

36. Mr. Cowie incorporates the preceding allegations by reference.

37. CFSI is a "collection agency" as that term is defined in the Michigan Occupational Code, M.C.L. § 339.901(b).

38. Mr. Cowie is a debtor as that term is defined in M.C.L. § 339.901(f).

39. CFSI's foregoing acts in attempting to collect this alleged debt against Mr. Cowie constitute violations of the Occupational Code.

40. Mr. Cowie has suffered damages as a result of these violations of the Michigan Occupational Code.

## COUNT V – Fair Debt Collection Practices Act (PRS)

41. Mr. Cowie incorporates the preceding allegations by reference.

42. At all relevant times PRS – in the ordinary course of its business – regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

43. PRS is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

44. PRS's foregoing acts in attempting to collect this alleged debt against Mr. Cowie constitute violations of the FDCPA.

45. Mr. Cowie has suffered damages as a result of these violations of the FDCPA.

### COUNT VI – Michigan Occupational Code (PRS)

46. Mr. Cowie incorporates the preceding allegations by reference.

47. PRS is a "collection agency" as that term is defined in the Michigan Occupational Code, M.C.L. § 339.901(b).

48. Mr. Cowie is a debtor as that term is defined in M.C.L. § 339.901(f).

49. PRS's foregoing acts in attempting to collect this alleged debt against Mr. Cowie constitute violations of the Occupational Code.

50. Mr. Cowie has suffered damages as a result of these violations of the Michigan Occupational Code.

### COUNT VII – Fair Debt Collection Practices Act (MMCBI)

51. Mr. Cowie incorporates the preceding allegations by reference.

52. At all relevant times MMCBI – in the ordinary course of its business – regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

53. MMCBI is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

54. MMCBI's foregoing acts in attempting to collect this alleged debt against Mr. Cowie constitute violations of the FDCPA.

55. Mr. Cowie has suffered damages as a result of these violations of the FDCPA.

## COUNT VIII – Michigan Occupational Code (MMCBI)

56. Mr. Cowie incorporates the preceding allegations by reference.

57. MMCBI is a "collection agency" as that term is defined in the Michigan Occupational Code, M.C.L. § 339.901(b).

58. Mr. Cowie is a debtor as that term is defined in M.C.L. § 339.901(f).

59. MMCBI's foregoing acts in attempting to collect this alleged debt against Mr. Cowie constitute violations of the Occupational Code.

60. Mr. Cowie has suffered damages as a result of these violations of the Michigan Occupational Code.

## Demand For Judgment for Relief

*ACCORDINGLY, Mr. Cowie requests that the Court:*

*a.     Assume jurisdiction over all claims;.*

*b.     Award actual damages.*

*c.     Award statutory damages.*

*d.     Award punitive damages.*

*e.     Award statutory costs and attorney fees.*

7

Respectfully Submitted,

ADAM G. TAUB & ASSOCIATES
CONSUMER LAW GROUP, PLC

By: /s/ Adam G. Taub
Adam G. Taub (P48703)
Attorney for Ronald Cowie
17200 West 10 Mile Rd. Suite 200
Southfield, MI 48075
Phone: (248) 746-3790
Email: adamgtaub@clgplc.net

Dated: June 28, 2017





9214 7969 0099 9790 1615 8178 47

Paramount Recovery Systems
CSC-Lawyer's Incorporating Service (Company
601 Abbot Rd.
East Lansing, MI 48823